E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 09 2025 8:30 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 25-2-07626-7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

HALYNA PANASYUK, an individual,

Plaintiff,

v.

AMERICAN FAMILY CONNECT
PROPERTY AND CASUALTY
INSURANCE COMPANY, a foreign
insurer doing business in the State of
Washington,

Defendant.

Case No.

**PLAINTIFF'S COMPLAINT**

Plaintiff Halyna Panasyuk, individually and through her counsel of record, alleges as follows:

## I. PARTIES

1.1     At all times relevant to Plaintiff's Complaint, Plaintiff Halyna Panasyuk resided in Bonney Lake, Pierce County, Washington.

1.2     At all times relevant to Plaintiff's Complaint, Defendant American Family Connect Property and Casualty Insurance Company (hereinafter, "AFIC") was a foreign insurance company doing business in the State of Washington.

PLAINTIFF'S COMPLAINT
PAGE 1 OF 9

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

## II. JURISDICTION & VENUE

2.1     The contract for underinsured/uninsured motorist benefits between Plaintiff Halyna Panasyuk and Defendant AFIC (hereinafter, "the Contract") was entered into in Pierce County, Washington.

2.2     Defendant transacts business in Pierce County, Washington.

2.3     Defendant transacted business in Pierce County, Washington at the time this cause of action arose.

2.4     This Court has jurisdiction over the parties under RCW 2.08.010.

2.5     Venue is proper under RCW 4.12.025 because the Contract was entered into in Pierce County, Washington; because Defendant AFIC transacts business in Pierce County, Washington; and because Defendant transacted business in Pierce County, Washington at the time this cause of action arose.

## III. UNDERLYING TORTFEASOR FACTS

3.1     Date: Plaintiff's injuries arise out of an automobile collision with an underinsured motorist that occurred on September 11, 2022.

3.2     Location: The collision occurred at the intersection of State Route 167 and 15th St. SW in Auburn, King County, Washington.

3.3     Details:

    a.   Plaintiff was the restrained driver of a 2010 Toyota Prius.

    b.   Non-party Philip Cupat (herein referred to as "Cupat") was the driver of a 2012 Nissan Versa.

    c.   Plaintiff exited the offramp of northbound State Route 167 and proceeded to the 15th Street Southwest intersection.

    d.   Plaintiff entered the intersection with a green left turn arrow and green light and began to turn westbound onto 15th Street Southwest. While Plaintiff was

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

turning, Cupat's vehicle forcefully struck Plaintiff's vehicle the driver's side.

    e.   Plaintiff could do nothing to avoid the Collision.

    f.   Cupat's failure to yield the right of way and obey of traffic signals was the sole cause of the Collision.

3.4    As a result of the Collision, Plaintiff sustained significant personal injuries, including, but not limited to, injuries to her head, neck, shoulders, and back.

3.5    Plaintiff brought a claim for her injuries with Cupat's insurer. Plaintiff settled her claim against Cupat for the bodily injury policy limits of Cupat's State Farm policy. Cupat's bodily injury per person limit through State Farm was $100,000.00.

3.6    On February 8, 2024, Plaintiff received $100,000.00 from the underinsured motorist, Philip Cupat.

3.7    Plaintiff had not been fully compensated for all of her damages with Cupat's bodily injury policy limits of $100,000.00.

3.8    At the time of the collision, Plaintiff was insured for underinsured motorist (UIM) coverage under AFIC policy #BX12057211 (hereinafter, "the Policy"), which was in effect at the time of the collision. The Policy provides, among other things, a $100,000.00 limit per person and a $300,000.00 limit per accident for underinsured motorist coverage for bodily injury.

3.9    Plaintiff is entitled to benefits under the UIM provisions of the Policy with Defendant AFIC, which provides for underinsured motorist coverage.

3.10    Plaintiff made an underinsured/uninsured motorist (UM/UIM) claim with her own insurer, Defendant AFIC, for bodily injury.

3.11    On February 10, 2024, Plaintiff submitted a policy limits settlement demand, showing that she had incurred over $50,000 in special damages. Along with the demand was documentation of the mechanism of Plaintiff's injuries; documentation of the

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

symptoms, including documentation from Plaintiff's treating medical providers; and future treatment and costs.

3.12    On February 8, 2024, Plaintiff provided Defendant AFIC an opportunity to buy out the claim pursuant to *Hamilton v. Farmers Insurance Company,* 107 Wn.2d 721, 733 P.2d 213 (1987), and Defendant chose not to buy out the claim.

3.13    Plaintiff's AFIC policy (Policy) provided underinsured motorist bodily injury benefits of $100,000 per person and $300,000 per accident.

3.14    The Policy provides that Defendant AFIC "will pay compensatory damages to which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle" due to bodily injury sustained by an insured and caused by an accident.

3.15    There is no dispute that Plaintiff qualifies as an insured under the Policy for purposes of her UIM claim or that the at-fault was underinsured given the injuries suffered and damages sustained by Plaintiff.

3.16    Nevertheless, Defendant refused to pay Plaintiff the UIM benefits to which Plaintiff is entitled under the Policy.

3.17    On July 8, 2024, Defendant AFIC made an offer to Plaintiff of $7,500.00 to settle Plaintiff's UIM claim.

3.18    The amount of benefits (cash payment) offered by Defendant on Plaintiff's UIM claim was so low that it amounted to a denial of benefits in violation of Washington law, and, as such, Defendant and Plaintiff reached an impasse in their negotiations to settle Plaintiff's UIM claim.

3.19    The language in Plaintiff's auto insurance policy with Defendant AFIC states, "[i]f the insured person and we (AFIC) do not agree… [a]s to the amount of payment under this Part, then the matter may be arbitrated."

3.20    On October 16, 2024, Plaintiff requested that the matter be arbitrated.

PLAINTIFF'S COMPLAINT
PAGE 4 OF 9

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

3.21    On October 22, 2024, Defendant AFIC rejected the request form their insured to have the matter heard by an arbitrator.

3.22    On November 18, 2024, pursuant to the Insurance Fair Conduct Act (IFCA), Plaintiff provided Defendant AFIC with a notice detailing the basis for the causes of action included herein, and providing Defendant with a final opportunity to tender the policy limits within 20 (twenty) days.  Once again, Defendant AFIC failed to tender the policy limits.

3.23    Plaintiff is therefore forced to continue her litigation efforts against Defendant AFIC to receive the full amount of her available UIM insurance coverage.

## IV. LIABILITY AND CAUSES OF ACTION

4.1    As a direct and proximate cause of the negligence and tortious conduct of the underinsured driver, Plaintiff sustained severe, permanent, and debilitating injuries.

4.2    As a direct and proximate cause of the negligence and tortious conduct of the underinsured driver, Cupat, Plaintiff made a claim to her own uninsured motorist policy with Defendant, AFIC.

4.3    Plaintiff is entitled to $100,000.00 in benefits under the underinsured motorist provisions of her policy with Defendant AFIC, which provides for coverage in this amount due to severe injuries and damages arising out of the tortious conduct caused by an underinsured driver.

4.4    Breach of Duties Under the Insurance Fair Conduct Act: Defendant AFIC's actions are in violation of RCW 48.30.010 in its duty of good faith and fair dealing requiring that all actions be actuated by good faith, to abstain from deception, and practice

PLAINTIFF'S COMPLAINT
PAGE 5 OF 9

honesty and equity in all matters related to the business of the insurance. Defendant AFIC unreasonably denied payment of $100,000 in UIM benefits in violation of the Insurance Fair Conduct Act. As a result of its misconduct, Plaintiff is entitled to recover her actual damages sustained, together with the costs of the action, including reasonable attorney fees and litigation costs.

4.5    Breach of Fiduciary Duty: Defendant AFIC's actions are in violation of the Unfair Settlement Practices Act as set forth in WAC 284-30 et. seq., including requiring prompt, fair, and equitable settlements, as well as in violation of other statutory laws or regulations including as express duty not to compel its own insured to litigate against it to obtain payment of $100,000.00 in UIM limits.

4.6    Breach of Contract: Defendant AFIC's actions are in violation of the express or implied terms and conditions of the insurance contract and/or reasonable expectations of its insured to the terms and conditions of the insurance policy.

4.7    Breach of Consumer Protection Act: Defendant AFIC's actions are in violation of the Consumer Protection Act, RCW 19.86., et seq.

4.8    Breach of Common Law Good Faith Duty:

a.    Defendant AFIC's actions are in violation of its duty of good faith under RCW 48.01.030 requiring that all actions be actuated by good faith, to abstain from deception, and to practice honesty and equity in all matters related to the business of insurance. Defendant AFIC unreasonably denied payment of policy limits benefits in violation of the Insurance Fair Conduct Act. As a result of this misconduct, Plaintiff is entitled to recover her actual damages sustained, together with the costs of the action, including reasonable attorney fees and litigation costs.

PLAINTIFF'S COMPLAINT
PAGE 6 OF 9

4.9    Negligence: Defendant AFIC's actions were negligent and in violation of its duty to exercise reasonable care toward its first party insured, Plaintiff Panasyuk.

4.10    Proximate Cause: As a direct and proximate cause of Defendant AFIC's breach of its duties as set forth in paragraphs 4.1 and 4.9, Plaintiff is forced to continue her litigation efforts against Defendant AFIC to receive the full amount of her available UIM insurance coverage.

## V. DAMAGES

5.1    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical injuries, and Plaintiff is entitled to fair and reasonable compensation.

5.2    As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may continue to incur medical expenses and other out-of-pocket expenses, and Plaintiff is entitled to fair and reasonable compensation.

5.3    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

5.4    As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional stress, loss of enjoyment of life, past and future disability, permanency of injury, and Plaintiff is entitled to fair and reasonable compensation.

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

5.5     Plaintiff is entitled to reasonable attorney fees incurred in the prosecution of this action and as authorized by the Insurance Fair Conduct Act and Consumer Protection Act.

5.6     Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

5.7     Plaintiff is entitled to costs and disbursements herein incurred in the prosecution of this action and as authorized by the Insurance Fair Conduct Act and Consumer Protection Act.

5.8     Exemplary Damages: Under Section 3 of the Insurance Fair Conduct Act, Plaintiff will request that the Court increase the total award of damages to an amount not to exceed three times the actual damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, and prays for relief as follows:

## VI.    RELIEF SOUGHT

6.1     For judgment against Defendant AFIC regarding the scope of remedies available to Plaintiff, her contract rights under the Policy of UIM coverage, as well as the scope of the statutory obligations imposed upon both parties by statute;

6.2     For UIM policy limits benefits under Plaintiff's policy with AFIC;

6.3     For treble damages against Defendant AFIC for bad faith and violation of the Insurance Fair Conduct Act and the other relief as set forth in the complaint;

PLAINTIFF'S COMPLAINT
PAGE 8 OF 9

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

6.4     Judgment on all special damages stemming from the foregoing allegations;

6.5     Judgment on all general damages stemming from the foregoing allegations;

6.6     For exemplary damages;

6.7     For reasonable hourly attorney fees, costs of experts, and costs of suit; and

6.8     For such other and further relief as the court deems just, equitable, and proper for Plaintiff at the time of trial.

## VII.  RESERVATION OF RIGHTS

Plaintiff reserves the right to assert additional claims as additional information is obtained through discovery.

Dated this 8th day of April 2025.

                                    **BRUMLEY LAW FIRM, PLLC**

                                    */s/ Abraham K. Afshar*
                                    Joshua Brumley, WSBA #49851
                                    Abraham K. Afshar, WSBA #57238
                                    1303 Central Ave. S., Ste. 201
                                    Kent, WA 98032
                                    P: 253-236-4079 / F: 253-236-5590
                                    Joshua@BrumleyLawFirm.com
                                    Abe@BrumleyLawFirm.com
                                    *Attorneys for Plaintiff Halyna Panasyuk*

PLAINTIFF'S COMPLAINT
PAGE 9 OF 9

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079